

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-14-2007

# Magnusson v. The Hartford

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4314

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Magnusson v. The Hartford" (2007). *2007 Decisions.* Paper 60.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/60

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4314
_____

GUY M. MAGNUSSON,

Appellant

v.

THE HARTFORD; THE HARTFORD INSURANCE GROUP and/or
HARTFORD UNDERWRITERS INSURANCE COMPANY;
CHARLES SHEEHY; JOHN DOES I to X (fictitious named individuals),

Appellees
_____

On Appeal from an Order of the United States District Court
for the District of New Jersey
(No. 05-cv-00365)
District Judge: Honorable Garrett E. Brown, Jr.
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 29, 2007

Before: BARRY, FUENTES, Circuit Judges, and DIAMOND,* District Judge.

(Opinion Filed December 14, 2007)

_____

\* Honorable Paul S. Diamond, District Judge of the United States District Court for
the Eastern District of Pennsylvania, sitting by designation.

OPINION OF THE COURT

FUENTES, Circuit Judge:

On December 9, 2004, Guy Magnusson filed suit in New Jersey State court against his former employer, Hartford Underwriters Insurance Company ("Hartford"), and his former supervisor, Charles Sheehy (collectively, "Defendants"). Magnusson claimed that his termination was motivated by age discrimination and (1) violated the New Jersey Law Against Discrimination ("NJLAD"); (2) breached Hartford's internal policies, personnel manuals, and handbooks in violation of New Jersey common law; and (3) breached the covenant of good faith and fair dealing in violation of New Jersey common law. The action was subsequently removed to the United States District Court for the District of New Jersey based on diversity jurisdiction, see 28 U.S.C. § 1332, where the Defendants prevailed on a motion for summary judgment. Magnusson appeals, challenging only the District Court's dismissal of his NJLAD claim.[1]

On appeal, Magnusson argues that (1) the Defendants did not present a legitimate, non-discriminatory reason for his termination; (2) a genuine issue of material fact exists as to whether the Defendants' articulated reasons for Magnusson's termination are a pretext for discrimination; and (3) the District Court erred by failing to apply the Price Waterhouse mixed motive analysis. After careful consideration, we conclude that

---

[1]We have jurisdiction to hear this appeal under 28 U.S.C. § 1291.

Magnusson's claims are wholly unavailing and we will affirm the District Court's judgment.

**I.**

We review the grant of summary judgment *de novo* and apply the same standard as the district court. Blair v. Scott Specialty Gases, 283 F.3d 595, 602-03 (3d Cir. 2002). A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Further, a dispute over a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). It is well settled that we must view the evidence in the light most favorable to the nonmoving party. Hancock Indus. v. Schaeffer, 811 F.2d 225, 231 (3d Cir. 1987).

**II.**

Because the parties are familiar with the facts, we include as part of our analysis only those facts that are necessary for the resolution of this case. Magnusson's first argument is that the Defendants failed to provide a legitimate, non-discriminatory reason for his termination. The burden-shifting framework adopted for Title VII cases as originally set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), is the same framework utilized in NJLAD cases. Peper v. Princeton Univ. Bd. of Trs., 77 N.J. 55, 82, 389 A.2d 465, 479 (1978). Where an employee establishes a prima facie case of

discrimination, the employer must articulate a legitimate, non-discriminatory reason for the employment action, after which the burden shifts back to the employee to show pretext. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507-08 (1993); Clowes v. Terminix Int'l, Inc., 109 N.J. 575, 596, 538 A.2d 794, 805 (1988).

None of the parties disputes that Magnusson established a prima facie case. The Defendants argue, however, that they have non-discriminatory reasons for Magnusson's termination, including substandard performance and his conduct during a conference call involving an internal client. It is undisputed that at the conclusion of the conference call, which was being held to resolve concerns about Magnusson's handling of a case, Magnusson muttered "F*** you, motherf*****," erroneously believing that the call had concluded. Magnusson argues that his profanity was due to the "severe emotional distress that was borne out of plaintiff's intense exposure to defendants' sudden pattern of age discrimination." (Appellant's Br. 35.) Thus, he contends, his comments cannot serve as a legitimate, non-discriminatory reason for terminating his employment. However, Magnusson fails to cite to a single case to support his reasoning. Moreover, the employer's burden at this stage of the analysis is "relatively light": it need only articulate a legitimate reason for the unfavorable employment decision. Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir. 1994). We are satisfied that the Defendants carried their burden.

**III.**

Magnusson next argues that the District Court erred in concluding that no genuine issue of material fact existed with respect to the third prong of the McDonnell Douglas

-4-

analysis: whether the Defendants' non-discriminatory reasons for terminating his employment were a pretext for discrimination. An employee can show pretext by "either (i) discrediting the [employer's] proffered reasons, either circumstantially or directly, or (ii) adducing evidence . . . that discrimination was more likely than not a motivating or determinative cause of the adverse employment action." Fuentes, 32 F.3d at 764. It is not enough to show that the termination was wrong or unfair. The evidence must allow a reasonable juror to conclude that the Defendants were motivated by discriminatory intent. Id.

We are satisfied that the District Court correctly determined that Magnusson failed to carry his burden. He argues that the evidence shows that Charles Sheehy, who ultimately fired Magnusson, nodded in agreement during a meeting when another manager described the need to reevaluate whether to retain the company's level of experienced attorneys.[1] He also refers to criticism by Sheehy for minor mistakes, despite the absence of such criticism by former supervisors. Finally, he notes alleged instances of other employees using profanity, albeit not in the presence of an internal client, yet not being terminated. However, no reasonable juror could infer that the Defendants' non-

---

[1]Magnusson's brief repeatedly asserts that the manager's comment referred to Hartford's need for "older, more experienced attorneys." (Appellant's Br. 4-5, 20-21). However, the record shows that the discussion concerned Hartford's need to employ experienced attorneys, without regard to age. See App. 41-42. While we view the evidence in the light most favorable to the nonmoving party when ruling on a motion for summary judgment, we need not accept that party's misquotes or mischaracterizations of the evidence.

discriminatory reasons for termination, including Magnusson's profanity while on the

phone with an internal client, were a pretext based on this evidence.

## IV.

Magnusson's final argument is that the mixed motive analysis under <u>Price

Waterhouse</u> should have applied.[2]  <u>See</u> <u>Price Waterhouse v. Hopkins</u>, 490 U.S. 228

(1989).  While a motion for summary judgment on an employment discrimination claim

under the NJLAD is typically considered under the burden-shifting analysis established in

<u>McDonnell Douglas</u>, the mixed motive analysis of <u>Price Waterhouse</u> may be applied

instead if the plaintiff has produced "direct evidence" of the employer's discriminatory

animus.  The "direct evidence" must be "so revealing of discriminatory animus that it is

not necessary to rely on any presumption from the prima facie case to shift the burden of

production. . . .  [T]he risk of non-persuasion [is] shifted to the [employer] who . . . must

persuade the factfinder that . . . it would have made the same employment decision

regardless of its discriminatory animus." <u>Armbruster v. Unisys Corp.</u>, 32 F.3d 768, 778

(3d Cir. 1994).  Such direct evidence "requires 'conduct or statements by persons

involved in the decisionmaking process that may be viewed as directly reflecting the

alleged discriminatory attitude.'" <u>Starceski v. Westinghouse Electric Corp.</u>, 54 F.3d 1089,

---

[2]The Defendants argue that Magnusson waived his mixed motive argument by failing to raise it in the District Court.  However, under our case law, a district court is required to determine whether a <u>Price Waterhouse</u> analysis is legally applicable even if it is unclear whether the plaintiff raised the theory during summary judgment.  <u>See Hankins v. City of Philadelphia</u>, 189 F.3d 353, 364 n.6 (3d Cir. 1999).

1096 (3d Cir. 1995) (quoting <u>Griffiths v. CIGNA Corp.</u>, 988 F.2d 457, 470 (3d Cir. 1993)).

The record before us is bereft of direct evidence strong enough to mandate a mixed motive analysis. The only evidence that Magnusson cites to support his mixed motive argument is the deposition testimony regarding Sheehy's alleged head nod. However, this head nod, made in the context of a group meeting and not directed at Magnusson specifically, is not "so revealing of discriminatory animus" as would require a mixed motive analysis. <u>See</u> <u>Armbruster</u>, 32 F.3d at 778.

## V.

For the foregoing reasons we will affirm the order of the District Court granting summary judgment to the Defendants.